## SNODGRASS v. UNITED STATES.

### No. 6721.

Circuit Court of Appeals, Ninth Circuit.

Sept. 8, 1932.

Alvin Gerlack, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and A. C. Wollenberg, Asst. U. S. Atty., both of San Francisco, Cal.

Before SAWTELLE, Circuit Judge, and NETERER, and ST. SURE, District Judges.

SAWTELLE, Circuit Judge.

This is an appeal from a judgment on a verdict in favor of the government on a policy of war risk insurance. The sufficiency of the evidence to support the verdict is not questioned. The assignments of error challenge (1) the ruling of the court in refusing to allow in evidence Regulation 11 of the Bureau of War Risk Insurance, defining the term total and permanent disability, and (2) the refusal of the court to give certain requested instructions.

In United States v. Lawson (C. C. A.) 50 F.(2d) 646, the government assigned as error the admission in evidence of Regulation 11, contending that it should not have been read to the jury, because, under the War Risk Insurance Act and under the decisions, the Regulation is a part of the law, and therefore a matter to be interpreted and construed by the court. We held that, while the Regulation might be admissible as a part of the contract of insurance, in any event no prejudice could have resulted from its admission, because the mere fact that the jury was informed of the contents thereof before the court instructed them in relation thereto was immaterial.

In this case, appellant contends that the exclusion from evidence of Regulation 11 constituted prejudicial error. Inasmuch as during the trial of the case the jury heard the term "total and permanent disability" defined and explained to the several doctors who testified, in the identical language of the Regulation, and since the instructions of the court followed almost literally the definition of the term as contained in the Regulation, we fail to see how appellant could have been prejudiced by the exclusion of the Regulation itself.

Appellant requested the following instructions, which were refused by the court:

"I charge you that the word 'continuously' as used in this definition means without interruption, unbrokenly, uninterruptedly. It must be given a reasonable interpretation. The policy is a contract, in the consideration of which every reasonable presumption must be indulged in behalf of the plaintiff. The whole scheme of War Risk Insurance was intended to benefit men who thus served and who—from any cause—became 'permanently and totally' disabled. Great liberality of construction must therefore be indulged.

"As permanency of any condition (here total disability) involves the element of time, the event of its continuance during the passage of time is competent and cogent evidence.

"The 'ability to continuously follow a substantially gainful occupation' implies ability to compete with men of sound mind and body and average attainments under the usual conditions of life.

"The words 'total' and 'permanent' as applied to disability, and defined by the War Risk Insurance Bureau, do not necessarily imply an incapacity to do any work at all, or that a person must be bed-fast or bed-ridden. The ability to work or apply one's self spasmodically or intermittently for short periods of time does not meet the requirements, the intendment being that the injured party shall be able to adapt himself to some occupation, or pursuit, or employment, every part of which employment he can discharge, that will bring him continuous, gainful results—something that will be dependable for earning a livelihood."

It is contended that these requested instructions were not covered in the general charge; that the instructions given were to the effect that, if plaintiff did any work at all, he was following a substantially gainful occupation, and that, on the whole, the instructions were so erroneous as to amount to a miscarriage of justice. With this view we do not agree, and are of opinion that the instructions as given were complete and correct, and believe that the following excerpts therefrom rebut the argument advanced:

"I charge you that 'total disability' is any impairment of mind or body which renders it impossible for the disabled person to engage in any gainful occupation continuously. His disability shall be deemed to be permanent whenever it is founded upon conditions which render it reasonably certain that it will continue throughout the life of the person suffering from it.

"Total disability is any impairment of mind or body rendering it impossible for the insured to follow continuously a substantially gainful occupation without seriously impairing his health, and that disability is permanent when of such nature as to render it reasonably certain to continue throughout the lifetime of the insured.

"Mere incipiency or beginning of an injury or disease or the combination of both while a contract of insurance is in force will not mature such a contract. The disease or injury, or both, must progress to the state where it actually produces total disability, and must also progress to the stage where it is reasonably certain that it will continue throughout the life of the person suffering from such disabilities, before the policy matures.

"In determining the extent and the date of occurrence of plaintiff's disability, you may consider the fact of any occupation which the plaintiff may have engaged in since discharge from the service, the nature of said occupation, the earnings received; whether or not the plaintiff was able to carry on his duties satisfactorily, and whether or not he was in fit physical condition to discharge such duties."

■ It is a well-recognized rule that, where the court, by appropriate instructions, covers the substance of a requested instruction, error cannot be predicated upon a refusal to give its exact words.

■ Granting that a policy of war risk insurance should be liberally construed in favor of the insured, there can be no recovery unless "total and permanent" disability exists before maturity of the policy. Hirt v. United States (C. C. A.) 56 F.(2d) 80, 82.

■ A further argument is advanced in the brief of appellant, that the portion of the court's charge relating to the permanency of plaintiff's disability was erroneous, and that the court erred in refusing to read to the jury the third paragraph of Regulation 11, which relates to the discontinuance of compensation upon an insured regaining his health. We find no specification of error upon which to base this argument. However, we add that there is no merit in the contention.

Judgment affirmed.